IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK D. ALBRIGHT, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ATTORNEY'S TITLE INSURANCE FUND, et al.,<br><br>    Defendants, | ORDER GRANTING COHEN FOX DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Case No. 2:03CV00517 |

This matter is before the Court on Cohen Fox P.A., Robert Cohen, and Michele Primeau's (collectively "Cohen Fox" or "Cohen Fox defendants") motion for partial summary judgment on Plaintiffs' claims based on theories of RICO and civil conspiracy. (Dkt. No. 508.) For the reasons set forth below, the court GRANTS the motion.

**BACKGROUND**

The Plaintiffs include individuals and entities who lost money in fraudulent investments and real estate transactions orchestrated by individuals who were agents of Attorneys' Title Guarantee Fund ("ATGF") in Utah. Plaintiffs' original complaint was filed on June 4, 2003,

1

listing fifty-five different defendants and forty-four different claims.[1]  On April 19, 2004, Plaintiffs filed a Second Amended Complaint reducing the number of claims to eighteen. Additionally, Plaintiffs have settled with, dismissed, or decided not to pursue claims against all but two groups of defendants–Attorney's Title Insurance Fund ("the Florida Fund"), which is the majority owner of ATGF, and the Cohen Fox defendants.

Of the eighteen causes of action identified in the Second Amended Complaint, the following were alleged against both the Florida Fund and Cohen Fox: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) RICO Conspiracy; (2) Utah Pattern of Unlawful Activity Act ("UPUAA"); (4) UPUAA Conspiracy; (5) fraud; (6) conversion; (7) accounting and constructive trust; (8) fraudulent concealment; and (9) civil conspiracy.

On December 11, 2006, the Florida Fund filed a motion for partial summary judgment seeking to eliminate Plaintiffs' claims based on RICO, conspiracy and alter-ego theories of liability.  Following extensive briefing and oral argument, on June 25, 2007, this Court issued a Memorandum Opinion and Order ("June 25 Order") granting the Florida Fund's motion. Thereafter, on August 8, 2007, the Cohen Fox defendants filed the present motion for partial summary judgment, also seeking dismissal of Plaintiffs' RICO and conspiracy claims.  As grounds for the motion, Cohen Fox asserts that the factual findings and legal conclusions set forth in the Court's June 25 Order, dismissing these claims against the Florida Fund, necessarily requires dismissal of these claims against Cohen Fox.

---

[1]Since the original filing date, the following cases have been consolidated into this action: <u>Americraft Homes, Inc., et al. v. Attorneys' Title Guarantee Fund, et al.</u>, Civil No. 2:04-CV-202 and <u>Chase Home Financing v. Attorneys' Title Guarantee Fund, et al.</u>, Civil No. 2:05-CV-697.

**DISCUSSION**

In the June 25 Order granting the Florida Fund's motion for partial summary judgment the Court assumed, for purposes of deciding the motion, that Cohen Fox was acting as a representative of the Florida Fund.[2]  In so doing, the Court fully considered the alleged conduct of Cohen Fox and necessarily assumed that the alleged actions and representations of Cohen Fox were attributable to the Florida Fund.  Having granted the Florida Fund's motion for partial summary judgment based on that assumption, the Court finds there is no factual or legal basis to distinguish the Cohen Fox defendants from the findings of fact and conclusions of law set forth in the Court's prior order.[3]  Accordingly, for the reasons set forth in the Court's June 25 Order, the Court grants the Cohen Fox defendants' motion for partial summary judgment, dismissing Plaintiffs' RICO, UPUAA and conspiracy claims against Cohen Fox.

Next, although captioned as a "Memorandum in Opposition to the Cohen Fox Defendants' Motion for Partial Summary Judgment," (Dkt. No. 542), Plaintiffs' memorandum is more accurately characterized as a motion to reconsider.  At the outset of the memorandum in opposition Plaintiffs "concede that the Cohen Fox Defendants have accurately restated . . . this Court's findings of fact and conclusions of law," but "respectfully maintain" that the "record

---

[2]Memorandum Opinion and Order, dated June 25, 2007, at 13 n.10.

[3]Plaintiffs appear to concede, albeit indirectly, that application of the Court's June 25 Order requires dismissal of these claims against Cohen Fox.  In Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Rule 54(b) Certification, Plaintiffs explicitly acknowledge that "denial of the Cohen Fox Defendants' Motion [for partial summary judgment] would likely entail a reconsideration of the Court's prior Order."  (Pls.' Reply Mem. In Supp. of Rule 54(b) Certification at 9.)

evidence directly controverts [the Court's] findings and undermines [its] legal conclusions." (Pls.' Mem. in Opp. at vii.)  Plaintiffs then urge the Court to revisit each of the RICO, UPUAA and conspiracy causes of action and conclude that summary judgment is not warranted.  (Pls.' Mem. in Opp. at 22.)

"When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings.  The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided."  Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981) (citations omitted).  Notwithstanding this general rule, the Court recognizes that it is within its discretion to reconsider a previous order.  Anderson v. Deer & Co, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Rule 54(b)[4]).  The Tenth Circuit has explained that "when a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal."  Major, 647 F.2d at 112. Courts have generally permitted modification of the law of the case when (1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous.  Id.

"Although Rule 54(b) allows a Court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion."  SCO Group, Inc. v. Novell, Inc., 2007 WL 2746953, *1 (D.

---

[4]Rule 54(b) provides in pertinent part: "any order which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b).

Utah Sept. 14, 2007).  Absent extraordinary circumstances, the basis for the motion to reconsider must not have been available at the time the first motion was filed.  <u>Servants of the Paracletes v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."  <u>SCO Group</u>, 2007 WL 2746953, at *1.

Applying these principles, the Court finds no basis for altering or amending the June 25 Order.  Plaintiffs merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing on this issue.  These do not provide grounds for a motion to reconsider.  While a motion for reconsideration should be granted to correct manifest errors of law, see <u>Phelps v. Hamilton</u>, 122 F.3d 1324 (10th Cir. 1997), neither Plaintiffs' arguments nor the Court's review of its prior order persuades the Court that the June 25 Order was in error.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Cohen Fox Defendants' motion for partial summary judgment and dismisses Plaintiffs' RICO, RICO conspiracy, UPUAA, UPUAA conspiracy, and civil conspiracy claims with prejudice.

It is so ordered.

Dated this 11th day of February, 2008.

_____
Dee Benson
United States District Judge