IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK D. ALBRIGHT, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br>ATTORNEY'S TITLE INSURANCE FUND, et al.,<br><br>Defendants, | ORDER DENYING PLAINTIFFS'<br>MOTION FOR RULE 54(B)<br>CERTIFICATION AND<br>MOTION TO STAY<br><br><br><br><br><br><br>Case No. 2:03CV00517 |

Before the Court is Plaintiffs' motion for entry of a final judgment, pursuant to Federal

Rule of Civil Procedure 54(b), on claims dismissed by the Court's June 25, 2007, Memorandum

Opinion and Order (the "Order") granting the Florida Fund's motion for partial summary

judgment.  The Order dismissed the following six of Plaintiffs' eighteen causes of action against

the Florida Fund: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) RICO

Conspiracy; (3) Utah Pattern of Unlawful Activity Act ("UPUAA"); (4) UPUAA Conspiracy;

(17) alter-ego; and (18) civil conspiracy.[1]  As a result, Plaintiffs are left with twelve remaining

---

[1]By separate order, entered simultaneously herewith, the Court granted the Cohen Fox
defendants' motion for partial summary judgment on these same claims, with the exception of

claims based on common law fraud, aiding and abetting fraud, conversion, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, insurance code violations, negligence, breach of insurance contracts, promissory estoppel, accounting and constructive trust, imputation and fraudulent concealment. Plaintiffs now seek certification pursuant to Fed. R. Civ. P. 54(b) of the Court's June 25, 2007 Order, and for a stay of Plaintiffs' remaining claims pending the appeal of that Order.

## DISCUSSION

Under Rule 54(b), this Court has discretion to enter a final judgment as to the claims dismissed by its previous order granting partial summary judgment in favor of the Florida Fund. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1989) ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claim action is ready for appeal."). Rule 54(b) provides:

> When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). The rule "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001); see also id. (providing the rule "seeks to avoid the possible injustice of a delay in entering judgment on a distinctly separate

---

the alter-ego claim which did not apply to Cohen Fox.

claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available," while at the same time preserving "the historic federal policy against piecemeal appeals").

The Tenth Circuit has cautioned, however, that "Rule 54(b) entries are not to be made routinely." Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting Great American Trading Corp. v. ICP Cocoa Inc., 629 F.2d 1282, 1286 (7th Cir. 1980)). Trial courts "should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all of the claims will create undue hardships." Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973); see also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10 ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely."). Accordingly, the "power which this rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of public policy indicated by statute and rule." Gas-A-Car, 484 F.2d at 1105 (citation omitted). Rule 54(b) is not intended, therefore, to provide a mechanism for splitting multiple claims into separate lawsuits. Jordan v. Pugh, 425 F.3d 820, 830 (10th Cir. 2005). Rather, partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims. Id. at 829.

For these reasons, the Tenth Circuit has expressly provided that certification under Rule 54(b) is only appropriate when the district court strictly adheres to the rule's requirements and

makes the following two express determinations. "First, the district court must determine that the order it is certifying is a final order.  Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." Oklahoma Turnpike, 259 F.3d at 1242 (citations omitted).

To be "final" for purposes of Rule 54(b), this Court's June 25 Order must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S. at 7.  The Tenth Circuit has explained that "a judgment is not final for purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." Oklahoma Turnpike, 259 F.3d at 1243.  While recognizing that separability is an "elusive term," courts have routinely focused on two factors: (1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief.  Id.

Applying these principles to the present case, the Court finds that the remaining claims are not distinct and separable from the resolved claims.  As the Florida Fund aptly set forth in its memorandum in opposition, Plaintiffs' remaining claims center on many of the same factual and legal issues as the claims that were dismissed in the Court's June 25 Order.  For example, the facts that form the basis of Plaintiffs' contract, statutory and tort claims are, in many instances, the same facts that give rise to the predicate acts of the now dismissed RICO, conspiracy and alter ego claims.  As such, in order for Plaintiffs to establish liability under either the remaining or the dismissed claims, Plaintiffs will essentially have to prove the same set of facts.  The Court finds that this overlap renders the claims inseparable.  Accordingly, Rule 54(b) certification is

4

not permissible

Although the Court's conclusion that the dismissed and remaining claims are not separable effectively forecloses Rule 54(b) certification, the Court is also unable to conclude that there is "no just reason for delay." "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." United Bank of Pueblo v. Hartford Acc. & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976).

There are several motions for summary judgment pending before this Court, covering all twelve of Plaintiffs' remaining claims. (Dkt. Nos. 527, 529, 531, 533, 535, 537.) As of February 1, 2008, these motions are fully briefed and ready for oral argument and/or this Court's ruling. Under these conditions, it does not appear that certifying the Court's June 25 Order would serve the purpose of "protecting litigants from undue hardship or delay," but rather could potentially prolong the litigation between the parties.

For the foregoing reasons, Plaintiffs' motion for Rule 54(b) certification, which includes a corresponding motion to stay this action pending appeal, is DENIED.

Dated this 11th day of February, 2008.

_____
Dee Benson
United States District Judge