IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK D. ALBRIGHT, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>ATTORNEYS' TITLE INSURANCE FUND, et al.,<br><br>   Defendants. | ORDER<br><br><br><br><br><br>Case No. 2:03-CV-517 |

Pending before this Court are motions for attorneys' fees on behalf of Defendants Attorneys' Title Insurance Fund and Attorneys' Title Insurance Fund, Inc. (collectively "the Florida Fund") and Defendants Robert Cohen, Michele Primeau, and Cohen Fox P.A. (collectively "Cohen Fox"). On January 20, 2009, the Court heard oral argument on the matter. The Florida Fund Defendants were represented by Matthew L. Lalli and James D. Gardner. The Cohen Fox Defendants were represented by Gregory J. Sanders and Stephen Kelson. The Plaintiffs were represented by George M. Haley, Jay Gurmankin, Chris Hogle, Daniel Jackson and Richard Flint. After review and consideration of the memoranda submitted by the parties and the oral arguments of counsel the Court enters the following order.

**BACKGROUND**

The facts of this case have been set forth in several prior written opinions and the Court incorporates the facts set forth in those prior rulings. See Albright v. Attorneys' Title Ins. Fund, 504 F.Supp.2d 1187 (D. Utah 2007) (granting Florida Fund's motion for partial summary judgment on racketeering, conspiracy and alter ego claims); Albright v. Attorneys' Title Ins. Fund, Slip Copy, 2008 WL 376247 (D. Utah February 11, 2008) (granting Cohen Fox defendants' motion for partial summary judgment on racketeering and conspiracy claims); Albright v. Attorneys' Title Ins. Fund, Slip Copy, 2008 WL 376251 (D. Utah February 11, 2008) (denying Plaintiffs' motion for rule 54(b) certification).  In sum, Plaintiffs' case against the Florida Fund and Cohen Fox centered around an alleged racketeering conspiracy.  Plaintiffs' Second Amended Complaint contained eighteen different causes of action, four of which were based on alleged violations of state and federal racketeering statutes.  Racketeering claims 1 and 2 were brought pursuant to the federal Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961( c) & (d), and racketeering claims 3 and 4 were brought pursuant to the Utah Pattern of Unlawful Activity Act ("UPUAA"), Utah Code Ann. § 76-10-1603(3) & (4).  After extensive discovery, written memoranda, and oral arguments before the Court, the Defendants defeated Plaintiffs' racketeering and other related claims through summary judgment motions.

The Defendants now seek to recover attorneys' fees and expenses for defending against the racketeering and related claims pursuant to the Utah Pattern of Unlawful Activity Act, which expressly provides that the prevailing party shall recover its reasonable fees and expenses.  See

Utah Code Ann. § 76-10-1605(8). Although Defendants acknowledge that the federal RICO statute does not provide a means for prevailing defendants to recover fees and expenses, they claim that because the state and federal racketeering claims were factually and legally related, the UPUAA permits recovery of all of the fees and costs reasonably incurred in defending against all of the claims related to racketeering.

Plaintiffs argue that the Court should not award the Defendants any of the requested fees and expenses. First, Plaintiffs assert that the policy behind the federal RICO statute "actually *prevents* an award of fees and costs to Defendants in this particular case." (Pls.' Mem. In Opp'n at 5.) In essence, Plaintiffs argue that the policy behind the federal RICO statute – which expressly provides for the recovery of attorneys' fees for prevailing *plaintiffs* – effectively preempts an award of attorneys fees for the Defendants because this case involved both federal and state racketeering claims. (Id.) Second, Plaintiffs assert that even if Defendants were entitled to recover fees and expenses for prevailing on the UPUAA claims, their motions should be denied because they have failed to specifically allocate between time and expenses spent on two compensable UPUAA claims versus the other non-compensable claims. (Pls.' Mem. In Opp'n at 8.)

## DISCUSSION

### Defendants' Are Entitled to Attorneys' Fees and Expenses Under the Utah Statute

The Utah Pattern of Unlawful Activity Act provides in pertinent part:

> If an action, claim, or counterclaim brought or asserted by a private party under this section is dismissed prior to trial or disposed of on summary judgment, or if it is determined at trial that there is no liability, the prevailing party shall recover from the party who brought the action or asserted the claim or counterclaim the amount of its

> reasonable expenses incurred because of the defense against the action, claim, or counterclaim, including a reasonable attorney's fee.

Utah Code Ann. § 76-10-1605(8).  The Court finds this language explicitly clear; the prevailing party under the UPUAA *shall* recover reasonable expenses and attorneys' fees.  See Holbrook v. Master Protection Corp., 883 P.2d 295, 302 (Utah Ct. App. 1994) (upholding award of attorneys' fees under UPUAA).  It cannot be disputed that the Florida Fund and Cohen Fox prevailed on Plaintiffs' UPUAA claims through their respective summary judgment motions.  See Memorandum Opinion and Order Granting Florida Fund's Motion for Partial Summary Judgment, dated June 25, 2007; Order Granting Cohen Fox Defendants' Motion for Partial Summary Judgment, dated Feb. 11, 2008.  Therefore, pursuant to Utah Code Ann. § 76-10-1605(8), Defendants are entitled to "recover from the party who brought the claim[s]" their reasonable expenses and attorneys' fees.

The Court finds no support for Plaintiffs' argument that the policy behind the federal racketeering statute somehow preempts an award of attorneys' fees under the state statute in this case.  There is nothing on the face of the federal RICO statute that preempts state racketeering fee provisions.  See 18 U.S.C. § 1964(c).  And, although the federal statute expressly allows prevailing *plaintiffs* to recover attorneys' fees, the statute is merely silent with regard to a prevailing *defendant's* right to recover attorneys' fees.  Had Congress intended to preempt state law in this area, it certainly knew how, and would have done so explicitly.  Moreover, as Defendants point out, courts that have been confronted with this very issue, including the Tenth Circuit Court of Appeals, have uniformly held that a defendant can recover fees and costs under a state racketeering statute even where the plaintiff asserted both state and federal racketeering

claims.  See Pagel v. Washington Mutual Bank, Inc., 153 Fed. Appx. 498, 499-502 (10th Cir. 2005); see also Acro-Tech, Inc. v. The Robert Jackson Family Trust, 84 Fed. Appx. 747, 750-51 (9th Cir. 2003); Chang v. Chen, 95 F.3d 27, 28 (9th Cir. 1996); O'Ferral v. Trebol Motors Corp., 45 F.3d 561, 564 (1st Cir. 1995); Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1301-02, 1330-31 (11th Cir. 1998).

**A Reasonable Amount**

Having concluded that Defendants are entitled to attorneys' fees and expenses under the UPUAA, the Court must determine what amount is reasonable under these circumstances.  It is the Plaintiffs' position that even if Defendants are entitled to recover fees and expenses for defending against the two UPUAA claims, Defendants' motions should be denied nonetheless because they have failed to apportion their fees and expenses among compensable and non-compensable claims.

The Court finds it ironic that Plaintiffs now appear to criticize the Defendants for failing to do precisely what Plaintiffs have claimed from the outset was impossible – to isolate and separate the facts and legal theories specific to each cause of action.  Since the inception of this litigation, Plaintiffs have maintained that all of their claims were based on a common set of facts.  And, not only were Plaintiffs' claims based on the same core facts, but all of Plaintiffs' causes of action were related in some way to the racketeering claims.  According to the Defendants, because Plaintiffs' claims were all related, had similar elements, and were based on the same facts, the claims were necessarily researched together, defended together, briefed together, and

argued together throughout the litigation.[1]

The Court agrees and recognizes that, based on the manner in which this case was presented and litigated, it has become virtually impossible to separate or differentiate the fees and expenses incurred in defending against the various causes of action, particularly with regard to the UPUAA and federal RICO claims. Under these conditions, where claims and facts are interrelated and dependent upon each other such that they are inseparable, courts have routinely held that a party may recover for both the compensable and non-compensable claims. See, e.g., Keith Jorgensen's Inc. v. Ogden City Mall Co., 26 P.3d 872, 879 (Ut. Ct. App. 2001) (providing that parties are entitled to attorneys fees when compensable and non-compensable claims overlap); Brown v. David K. Richards & Co., 978 P.2d 470, 475 (Ut. Ct. App. 1999) (recognizing that it is appropriate to award fees to a prevailing party even though some of the fees may not have been incurred on strictly compensable issues, because proof of the compensable and non-compensable claims overlapped).

However, while the Court agrees that Plaintiffs' claims were factually and legally interrelated, the Court is also mindful that the UPUAA claims were never the driving force behind Plaintiffs' lawsuit. Throughout the written memoranda and the oral arguments before the Court, all of the parties dealt with the state racketeering claims in summary fashion. The parties

---

[1]Plaintiffs have repeatedly acknowledged this overlap in their factual and legal theories. For example, in opposing the Florida Fund's motion for summary judgment Plaintiffs expressly stated that the elements that they must prove to prevail under RICO are identical to the elements they must prove under UPUAA. (Pls.' Opp'n to S.J. at 172-73.) Similarly, with regard to Plaintiffs' civil conspiracy claim Plaintiffs stated: "[w]ithout repeating evidence and arguments, the same conduct that supports [the Florida Fund's] and Cohen Fox's liability for violations of RICO and UPUAA supports their liability for civil conspiracy." (Pls.' Opp'n to S.J. at 192-93.)

asserted and agreed that the UPUAA was modeled after the federal RICO statute, that the provisions were nearly identical, and that the identity in the language between the two statutes "presume[d] identity of construction." See Brickyard Homeowners' Ass'n Mgmt. Comm. v. Gibbons Realty, 668 P.2d 535, 540 (Utah 1983). Because of this, the UPUAA claims were often only briefly mentioned or were relegated to a footnote.

Having presided over this case for several years, and having a thorough knowledge of the manner in which this case was presented and ultimately resolved, the Court is of the opinion that it would be unreasonable to allow the Defendants to recover the overwhelming majority of their fees and expenses based on claims that played a somewhat minor role in the proceedings. However, the Court also recognizes that the Plaintiffs' decision to include the state racketeering claims required the Defendants to conduct additional research, explore the different parameters of the state and federal statutes and address those differences in order to mount an appropriate defense. (See Florida Fund's Mem. In Support at 4-5, ¶5.)

Accordingly, the Court is of the opinion that it is fair and equitable to award the Defendants twenty percent of the attorneys' fees and expenses they have presented to the Court, which the Court has reviewed and has determined were reasonably incurred. The Court believes that awarding fees and expenses in this amount serves to honor the state statute, which provides for the recovery of fees and costs, while at the same time recognizing that the UPUAA claims in this case played a relatively minor role in comparison to the federal racketeering claims.

## **CONCLUSION**

Based on the foregoing, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure

and Utah Code Ann. § 76-10-1605(8), the Court grants, in part, Defendants' motions, and awards attorneys' fees and expenses in favor of the Defendants, and against the Plaintiffs, jointly and severally, as follows:

The Court awards the Florida Fund attorneys' fees in the amount of $289,175.10 and expenses in the amount of $55,429.06.

The Court awards the Cohen Fox defendants attorneys' fees in the amount of $60,776.30 and expenses in the amount of $25,851.19.

It is so ordered.

Dated this 20th day of April, 2009.

_____
Dee Benson
United States District Judge