IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK ALBRIGHT, et al., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> ATTORNEYS' TITLE GUARANTY FUND, INC., et al., <br><br> Defendants. | ORDER GRANTING THE FLORIDA FUND ALL OF THE COSTS PURSUED IN ITS BILL OF COSTS <br><br><br><br><br> Case No. 2:03-CV-517 <br> Honorable Dee V. Benson |

This matter is before the Court on Defendant Attorneys' Title Insurance Fund and Attorneys' Title Insurance Fund, Inc.'s (the "Florida Fund's") motion for District Court Review of Taxation of Costs and Entry of Order Granting Florida Fund all of the Costs Pursued in its Bill of Costs. (Dkt. No. 665.)

BACKGROUND

After prevailing on two motions for summary judgment and defeating all of Plaintiffs' causes of action in this litigation, the Florida Fund filed two separate motions with the Court: (1) a motion for attorneys' fees and expenses, pursuant to the Utah Pattern of Unlawful Activity Act ("UPUAA Motion"); and (2) a bill of costs, pursuant to Federal Rule of Civil Procedure 54(d)(1)

1

and 28 U.S.C. § 1920 ("Bill of Costs").

With regard to the Florida Fund's motion for attorneys' fees and expenses, on April 20, 2009, the Court entered an order granting the motion, but limiting the Florida Fund's recovery to to 20% of the attorneys' fees and expenses sought. The Court reached this decision based on its conclusion "that the UPUAA claims in this case played a relatively minor role in comparison to the federal racketeering claims." (Dkt. No. 661, April 20, 2009 Order at 7.)[1]

With regard to the Florida Fund's Bill of Costs, on April 24, 2009, the Clerk of the Court issued its Taxation of Costs wherein it similarly limited the Florida Fund's costs under Rule 54(d)(1) and 28 U.S.C. § 1920 to 20% of the amount sought. In limiting the Florida Fund's costs to 20%, the Clerk explicitly stated that it was guided by the decision of the court with regard to attorneys' fees and expenses, and would "tax the statutory fees accordingly." (Dkt. No. 633, Taxation of Costs at 2.)

Within the same April 24, 2009 Taxation of Costs, the Clerk also awarded the Cohen Fox defendants 20% of their "costs" based on the mistaken belief that the Cohen Fox defendants, like the Florida Fund, had filed a bill of costs that was separate from its expenses. Because the

---

[1] The Cohen Fox defendants also filed a motion for attorneys' fees and expenses as well as a separate document captioned "Bill of Costs." (Dkt. Nos. 608 & 610.) However, the items set forth in the Cohen Fox defendants' Bill of Costs were identical to the "expenses" listed in their motion for attorneys' fees and expenses. (*Compare* Dkt. No. 610, Bill of Costs at 2, identifying "costs" in the amount of $129,255.96 *with* Dkt. No. 609, Motion for Attorneys' Fees and Expenses at 6, identifying "associated expenses" in the amount of $129,255.96.) And, at oral argument on the motion for attorneys' fees and expenses, counsel for Cohen Fox acknowledged that they did not have a separate Bill of Costs as did the Florida Fund. Accordingly, the Court's April 20, 2009 Order, which awarded the defendants 20% of the requested attorneys' fees and expenses, necessarily included the "costs" set forth by the Cohen Fox defendants.

Cohen Fox defendants' "costs" had been included as their "expenses," and therefore already awarded by the Court, the Clerk's April 20, 2009 Taxation of Costs provided the Cohen Fox defendants with a double recovery.

In order to correct this mistake, on April 28, 2009, this Court entered an Order, vacating the April 24, 2009 Taxation of Costs with regard to the Cohen Fox defendants. The Court's April 28, 2009 Order did not review or affirm the legal basis for the Clerk's Taxation of Costs, but merely corrected a clerical error which would have given the Cohen Fox defendants a double recovery.

On April 30, 2009, the Florida Fund filed a Motion for District Court Review of Taxation of Costs and Entry of Order Granting Florida Fund all of the Costs Pursued in its Bill of Costs. (Dkt. No. 665.) For the following reasons, the Court grant's the Florida Fund's Motion.

## DISCUSSION

Although this Court previously determined that the Florida Fund was entitled to only 20% of its attorneys' fees and expenses for prevailing on Plaintiffs' claims related to the Utah Pattern of Unlawful Activity Act ("UPUAA"), the standard for determining whether the Florida Fund is entitled to all of its costs pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure is significantly different.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The United States Court of Appeals for the Tenth Circuit has instructed that "Rule 54(d) creates a presumption that the district court

will award costs to the prevailing party,"<u>Aerotech, Inc. v. Estes</u>, 110 F.3d 1523, 1526 (10th Cir. 1997), and there must be "some apparent reason to penalize the prevailing party if costs are to be denied," <u>Klein v. Grynberg</u>, 44 F.3d 1497, 1507 (10th Cir. 1995).

In this case, it is undisputed that the Florida Fund prevailed on each of the substantive claims alleged by Plaintiffs. The Plaintiffs did not challenge any of the items in the Florida Fund's bill of costs, and the Court finds no basis for limiting the costs that the Florida Fund seeks pursuant to 28 U.S.C. § 1920 and Rule 54(d). Accordingly, the Court finds that the Florida Fund, as the prevailing party in this litigation, is entitled to recover all of the costs pursued in its Bill of Costs.

IT IS HEREBY ORDERED that the Taxation of Costs entered by the Court on April 24, 2009 is hereby vacated and the Florida Fund is awarded costs in the amount of $133,813.28 against the Plaintiffs, jointly and severally.

Dated this 15th day of July, 2009.

_____
Dee Benson
United States District Judge